**Michael McDANIELS, Plaintiff,**

v.

**CITY OF PHILADELPHIA, Defendant.**

No. CIV. A. 98–6099.

United States District Court, E.D. Pennsylvania.

July 16, 1999.

Charles E. Dennis, Sr., Philadelphia, PA, for Plaintiff.

Michael Holmes, City Solicitor's Office, Philadelphia, PA, Elizabeth S. Mattioni, City of Philadelphia Law Dept., Piladelphia, PA, for Defendant.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Plaintiff has brought this action, pursuant to 42 U.S.C. § 1983, alleging that a private arbitrator, who was appointed pursuant to a collective bargaining agreement between defendant City of Philadelphia and the Fraternal Order of Police, acting under the aegis of the American Arbitration Association ("AAA"), violated his con-

stitutional right to due process.[1] Before the Court is the defendant City of Philadelphia's motion for summary judgment.

Plaintiff was employed by defendant City of Philadelphia as a police officer until his dismissal in November of 1992. Plaintiff filed a grievance with the AAA, pursuant to the collective bargaining agreement. On July 10, 1996, a mutually selected arbitrator, Lewis Amis, presided over plaintiff's arbitration hearing. On February 24, 1997, the arbitrator issued an opinion and award denying plaintiff's grievance. After the arbitrator upheld the dismissal, plaintiff petitioned the Philadelphia Court of Common Pleas to vacate the arbitrator's award. Plaintiff argued that as a result of the arbitrator's conduct at the hearing, he was denied a "fair hearing and due process." On May 1, 1997, the Court of Common Pleas dismissed plaintiff's request. Plaintiff appealed the decision of the Court of Common Pleas to the Commonwealth Court of Pennsylvania. On April 14, 1998, the Commonwealth Court affirmed the order of the Court of Common Pleas and denied plaintiff's appeal. Plaintiff then filed a petition for allowance of appeal with the Pennsylvania Supreme Court. On October 14, 1998, the Pennsylvania Supreme Court denied plaintiff's request.

In order to prevail in an action under 42 U.S.C. § 1983, plaintiff must demonstrate that: (1) a person deprived him of a constitutional right, and (2) the person who deprived him of that right acted under color of state law. *See Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir.1995). "As the 'under color of state law' requirement is part of the prima facie case for § 1983, the plaintiff bears the burden of proof on that issue." *Id.* at 638 (quoting *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)). The color of state law analysis "is grounded in a basic and clear

---

1. In his complaint, plaintiff alleges that the private arbitrator violated his constitutional rights by failing to reopen the arbitration hearing to permit relevant witness testimony, and by improperly relying upon police reports and medical records submitted by defendant. Compl. ¶¶ 19, 22, 25.

**580**

requirement, 'that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (quoting *West,* 487 U.S. at 49, 108 S.Ct. 2250). Furthermore, "[a] private action is not converted into one under color of state law merely by some tenuous connection to state action. The issue is not whether the state was involved in some way in the relevant events, but whether the action taken can be fairly attributed to the state itself." *Id.* (citing *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)).

▮ Plaintiff has not raised a genuine issue of material fact that either the American Arbitration Association or the private arbitrator acted under color of state law or that their actions can be fairly attributable to defendant City of Philadelphia. *See* Fed.R.Civ.P. 56(c). Private actions of an arbitrator are not undertaken under color of state law because the arbitration has been conducted pursuant to a state statute or the arbitrator's award is enforced by a state court. *See Davis v. Prudential Securities,* 59 F.3d 1186, 1191 (11th Cir.1995) (citations omitted) (holding that an AAA arbitration was a private proceeding and, therefore, that a decision by the arbitrator pursuant to the Federal Arbitration Act did not constitute state action). Nor does the fact that defendant City of Philadelphia, a public entity, is a party to the collective bargaining agreement from which the private arbitrator derived his authority cloak the actions of the private arbitrator with the color of state law. Rather, in this context, the City of Philadelphia was "acting here as a litigant, the employer, and not as a governmental adjudicatory body." *Government of the Virgin Islands v. United Industrial Workers, N.A.,* 169 F.3d 172, 175 (3d Cir.1999).

Therefore, the Court finds that plaintiff has not raised a genuine issue of material fact as to whether the AAA or the private arbitrator acted under color of state law,

or that their actions can be fairly attributable to the City of Philadelphia. As such, the Court need not reach the issue of whether review by a federal court of the decisions of the state trial and appellate courts refusing to vacate the arbitrator's award would implicate the concerns of the *Rooker–Feldman* doctrine.